# UNITED STATES DISTRICT COURT
## Eastern District of California

## Superseding Petition for Warrant or Summons for Offender under Supervision

**Name of Offender:** Salvador Degortari     **Docket Number:** 1:11CR00292-01; 1:15CR00006-01; 1:16CR00152-01

**Name of Judicial Officer**:     Honorable Lawrence J. O'Neill

**Date of Original Sentence:**     7/8/2013

**Original Offense:**

**1:11CR00292-01 -** 18 U.S.C. § 751(a), Escape From Custody (CLASS D FELONY)

**1:15CR00006-01 -** 21 U.S.C § 952 & 960, Importation of Methamphetamine (CLASS B FELONY)

**1:16CR00152-01 -** 18 U.S.C § 111(a)(1), 18 U.S.C § 111(b), Assault on a Federal Officer/Employee Resulting in the Infliction of Bodily Injury (CLASS C FELONY)

**Original Sentence:**

**1:11CR00292-01 -** 4 months Bureau of Prisons; 36 months supervised release; $100 special assessment; mandatory drug testing

**1:15CR00006-01 -** 37 months Bureau of Prisons; 48 months supervised release; $100 special assessment; mandatory drug testing (Southern District of California Docket Number 09CR4406-W)

**1:16CR00152-01 –** 18 months Bureau of Prisons; 36 months supervised release; $100 special assessment; mandatory drug testing (Central District of California Docket Number CR15-00280-FMO)

**Special Conditions:**

**1:11CR00292-001 -** 1) Search; 2) Drug/alcohol treatment; 3) Drug/alcohol testing; 4) Pager/cellular phone restrictions; 5) Aftercare co-payment; 6) Employment/community service; 7) Gang associations.

**1:15CR00006-01 -** 1) Search; 2) Vehicle disclosure; 3) Travel Restriction; 4) Drug/alcohol treatment and testing

**1:16CR00152-01 -** 1) Comply with U.S. Probation Office; 2) Pay Special Assessment; 3) DNA; 4) Mandatory drug testing; 5) Drug/alcohol treatment; 6) Residential drug treatment; 6) Aftercare co-payment

| RE: **Salvador Degortari** | **Docket Number: 1:11CR00292-01;** |
|---|---|
| | **1:15CR00006-01;   1:16CR00152-01** |

**Type of Supervision:**    Supervised release

**Date Supervision Commenced:**    9/21/2016

**Other Court Actions:**

| | |
|---|---|
| **06/12/2014**: | Probation Form 12B, Petition to Modify the Conditions or Term of Supervision with Consent of the Offender, alleging no viable housing plan upon his release from the Bureau of Prisons.  The Court modified conditions to include placement at Turning Point Residential Re-Entry Center, Fresno, California, for a period of up to 120 days. |
| **07/01/2014**: | Supervision commenced |
| **07/22/2014**: | Probation Form 12C, Petition for Warrant, alleging failure to participate in residential re-entry center as directed.  Court ordered warrant for arrest. |
| **11/03/2014**: | Offender appeared before the Court and admitted the single charge.  The Court revoked supervised release and imposed: 8 months Bureau of Prisons; 28 months supervised release. |
| **01/13/2015**: | Transfer of Jurisdiction of Southern District of California Docket Number 09CR4406-W was accepted by the Eastern District of California, Docket Number 1:15CR00006-LJO. |
| **09/16/2016**: | Transfer of Jurisdiction of Central District of California Docket Number CR15-00280-FMO was accepted by the Eastern District of California, Docket Number 1:16CR152-LJO |
| **09/21/2016**: | Supervision re-commenced |
| **10/19/2016:** | Probation Form 12C, Petition for Warrant, alleging failure to participate in an inpatient correctional treatment program.  Court ordered warrant for arrest. |

## PETITIONING THE COURT

☒  **OTHER:  PETITION AMENDED TO ADD AND ISSUE A WARRANT WITH REGARD TO
              CASE NUMBER 1:15CR00006-01**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

| RE: **Salvador Degortari** | **Docket Number: 1:11CR00292-01;** |
|---|---|
| | **1:15CR00006-01;  1:16CR00152-01** |

| Charge Number | Nature of Violation |
|---|---|
| Charge 1: | **FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT CORRECTIONAL TREATMENT PROGRAM** |

The offender failed to reside and participate in Westcare's residential inpatient treatment program. This is in violation special condition number 9, to wit: *"The defendant shall reside and participate in an outpatient correctional treatment program, West Care Inc., to obtain assistance for drug and/or alcohol abuse for a period of up to 180 days, and up to 10 additional days for substance abuse detoxification services if deemed necessary."*

**Justification:** According to WestCare, the offender refuses to participate in treatment and has missed numerous treatment days.  Further, the offender claims he has a medical condition that prevents him from attending; although, when offered medical attention, he refused.  Additionally, there is no probation record reflecting any significant medical history.

**Detention:** He last appeared before the U.S. District Court, Eastern District of California on November 3, 2014, relevant to violation sentencing.  The circumstances of the violation involve the offender assaulting an individual at a federal residential re-entry center (RRC).  Shortly thereafter he fled from the RRC and his whereabouts were unknown until his arrest. While serving the violation sentence, he assaulted a federal officer by striking him in the face leading to new federal charges (Docket Number 1:16CR00152-01).  Additionally, the offender has a significant history of substance abuse and the underlying offense is escaping from custody.  Based on the history and characteristics of the offender and the current violation conduct, he poses a danger to the community and is a flight risk.  Therefore, it is respectfully recommended the Court issue a warrant for the offender's arrest to ensure he appear before the Court to answer why supervised release should not be revoked.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:** **January 3, 2018**
**Fresno, California**

Respectfully submitted,

/s/ *Rick Tarazon*

**Rick Tarazon**
**Senior United States Probation Officer**
Telephone: (559) 499-5700

**DATED:** 1/3/2018

Reviewed by,

/s/ *Tim Mechem*

**Tim D. Mechem**
**Supervising United States Probation Officer**

RE: **Salvador Degortari**  Docket Number: 1:11CR00292-01;
1:15CR00006-01;  1:16CR00152-01

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒  Other: The petition is amended to add and issue a warrant with regard to case number 1:15CR00006

*(It is noted that a no-bail federal arrest warrant was previously issued on October 19, 2016, on the original Form 12C Petition. The offender is presently in custody at the Kern County Jail).*

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☒  Defendant is ordered detained, to be brought before District Judge forthwith OR is to be brought to the next set hearing in action 1:15-CR-00006.

☐  Initial appearance and detention hearing before Magistrate Judge.


IT IS SO ORDERED.

Dated:  **January 5, 2018**           /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE


CC:

United States Probation

Assistant United States Attorney: Mia A. Giacomazzi

Federal Defender:  Andy Wong

United States Marshal Service

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Lawrence J. O"Neill
United States District Judge
Fresno, California

         RE:    Degortari, Salvador
                 **Docket Number:** 1:11CR00292-01;
                 1:15CR00006-01; 1:16CR00152-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1**:     **FAILURE TO PARTICIPATE IN RESIDENTIAL RE-ENTRY CENTER (RRC) AS DIRECTED**

        A.     Evidence:

             (1)     WestCare Terminal Report

        B.     Witnesses:

             (1)     WestCare Representative

Respectfully submitted,

/s/ *Rick Tarazon*

**Rick Tarazon**
**Senior United States Probation Officer**
Telephone: (559) 499-5700

**DATED:**    1/3/2018
                Fresno, California

Reviewed by,

/s/ *Tim Mechem*

**Tim D. Mechem**
**Supervising United States Probation Officer**

RE: **Salvador Degortari**  Docket Number: 1:11CR00292-01;
1:15CR00006-01;   1:16CR00152-01

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**   Salvador Degortari    **Docket Number:**   1:11CR00292-01;
1:15CR00006-01;
1:16CR00152-01

**Date of Original Offense:**   08/14/2011

**Original term of supervised release imposed:** 36 **months**

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** IV

**Original guideline range:** 24 **to** 30 **months.**

**Chapter 7 range of imprisonment:** 6 to 12 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

- ☐ **Class A felony - 5 years**
- ☒ **Class B felony - 3 years**
- ☐ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.